[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Both parties appeared. The plaintiff was represented by counsel. The defendant appeared pro se. All statutory stays having expired, the court has jurisdiction.
Having heard the evidence, the court finds as follows:
The defendant and plaintiff, whose maiden name was Meals, intermarried at New London, Connecticut on September 25, 1982; that the plaintiff has resided continuously in Connecticut for a period of one year next preceding the date of the filing of this complaint; that there are three minor children issue of the marriage, Lauryl Kuhn born August 16, 1985, Joseph Kuhn born April 6, 1987 and Rachel Kuhn born May 11, 1993; that there were no other minor children born to the plaintiff since the date of the marriage of the parties; that the marriage has broken down irretrievably with no hope of reconciliation and that no state or public agency contributed to the support or maintenance of either party or their children.
The plaintiff testified that the breakdown of the marriage resulted from a period of difficult living. Plaintiff's mother got cancer which caused her death; that subsequently the defendant had heart surgery; thereafter, plaintiff went back to school and that the defendant refused counseling to help save the marriage.
The defendant agreed to his wife's going to school and still agrees that the plaintiff should pursue her art career. However, he was troubled by all the school social events which plaintiff attended with her much younger classmates and to which events the plaintiff did not want the defendant to attend as she felt it would appear to her classmates that the defendant was babysitting her; that the plaintiff often returned home late from said social events; that the defendant did not believe that his wife was unfaithful; that, because of this situation, the defendant could CT Page 14855 not sleep; that plaintiff told defendant she had more fun when you were away and that he denied plaintiff asking him to go to counseling.
The defendant believes that the marriage is irretrievably broken down but does not blame the plaintiff. He feels only that the parties lives' went in different directions. He wants her to continue her education.
The irretrievable breakdown of the marriage seems to have resulted, not from plaintiff's continuing her education, but from her participation in the school's social events to which the defendant was not permitted to attend. Notwithstanding the defendant's desire that the plaintiff continue her education, I find that the plaintiff is more at fault for the breakdown of the marriage than the defendant.
The plaintiff, who was born on March 31, 1960, attends the Lyme Academy in pursuit of an art career. After the Lyme Academy, she plans to enter the Rhode Island School of Art and Design to obtain her teaching certificate to teach art. The plaintiff needs this schooling to get her teaching certificate which will take about three years. She wants the defendant to continue to pay for her education, which without any scholarship grants may cost about $11,000.00 per year. During the summers the plaintiff is employed doing carpentry, painting and traffic control for Ace Security. She claims she is working at full capacity.
The defendant, who was born September 28, 1951, had an aortic valve replacement in June 1998. The defendant seems to be in good health although he has potential for medical problems in the future. See Defendant's Exhibit 2.
The defendant is employed by Electric Boat in New London as a Manager of Contracts. His present salary is $86,000.00 per year. He does not receive any bonuses and has no stock options. The defendant feels that he has no chance for advancement and is unaware, what, if any effect a purchase of Electric Boat would have on his employment.
The parties own a marital home at 34 Fort Street, Groton, Connecticut. The plaintiff's appraiser values the property a $153,500.00. See Plaintiff's Exhibit A. The defendant's appraiser values the property at $186,000.00. See Defendant's Exhibit 1.
Neither appraiser inspected the inside of said property but relied on inspection of the inside made by their associates.
The defendant owns a one-third interest in two properties on Roberts Road, Groton. Both parties agree that the value of the defendant's interest in said properties is $60,000.00. Plaintiff waives any claim to CT Page 14856 defendant's interest in said properties.
The remaining assets of the parties shall be set forth in the orders contained hereinafter.
Based on the evidence, judgment is entered dissolving the marriage of the parties on the grounds of irretrievable breakdown. After considering the evidence, the desires of the parties and the pertinent provisions of the General Statutes, it is ordered:
1. The parties shall share joint legal custody of their minor children with primary residence to the plaintiff.
The Defendant shall have reasonable rights of visitation every Wednesday overnight to Thursday and alternating weekends. The parties shall alternate the following holidays: Easter, Thanksgiving, Christmas Eve and Christmas Day, Independence Day, Memorial Day and Labor Day. Each Mother's Day the children shall be with their mother. Each Father's Day, the children shall be with their father. Each party shall be entitled to time with the children on the children's birthdays. Each party shall have the children with them on their (the parties') birthdays.
During the summer each party shall be entitled to an equal amount of uninterrupted time with the children of no less than two (2) but no more than four (4) weeks during children's summer vacations from school, that is between June 1St and August 30th of each year.
Each party shall provide the other with at least sixty (60) days prior written notice of their intent to relocate their primary residence twenty-five (25) miles or more from their current location. Said notice shall contain information regarding the new residential location of the parent who is moving.
2. The defendant shall pay to the plaintiff child support of $350.00 per week.
The plaintiff shall be responsible for forty-two (42%) percent and the defendant for fifty-eight (58%) percent of any work related daycare expenses pursuant to the Child Support Guidelines.
3. The defendant shall pay to the plaintiff alimony of $250.00 per week for a period of five years, plaintiff's remarriage or death, whichever is the first to occur. Said alimony is nonmodifiable as to term. However, in the event of plaintiff's cohabitation with an unrelated male, pursuant to C.G.S. § 46b-86b, said alimony may be modified or terminated. CT Page 14857
4. The defendant shall be entitled to claim all three children for dependency exemptions for state and federal income tax purposes except for these years in which plaintiff is subject to state and federal income taxes. In such event, the plaintiff shall be entitled to one child as a dependency exemption and the defendant shall be entitled to the remaining children as dependency exemptions.
When there are only two minor children, each party shall take one child as an exemption for said tax purposes.
When only one minor child remains, the parties shall alternate taking the child as an exemption for tax purposes with the plaintiff taking the odd numbered years and the defendant the even numbered years.
5. The defendant shall transfer all his interest in the marital home at 34 Fort Street, Groton, to the plaintiff. She shall pay all mortgages, liens and expenses of ownership and hold the plaintiff harmless therefrom.
6. The defendant shall keep his interest in the Roberts Road property located in Groton, Connecticut free of any claim from the plaintiff.
7. The plaintiff shall keep the 1992 Volvo. The defendant shall keep the 1991 Ford Taurus. Each party shall execute any necessary documents to transfer title of said automobile to the other party and bear the expenses of ownership of their automobile and hold the other harmless therefrom.
8. The defendant shall transfer to the plaintiff by way of a Qualified Domestic Relations Order 50% of the present value of the defendant's pension plan at General Dynamics. He shall also transfer to the plaintiff $50,000.00 of his General Dynamics, Electric Boat SSIP order. The above shall be by way of a Qualified Domestic Relations Order which shall be prepared by plaintiff's attorney.
The plaintiff shall be responsible for any tax consequences from said transfers. The parties shall share equally the cost of preparing the QDRO. The court shall retain jurisdiction until the QDRO is completed.
9. The parties shall share equally any college expenses for their minor children which shall be consistent with a University of Connecticut formulation.
10. The defendant shall maintain the life insurance currently in effect on his life naming the plaintiff as beneficiary on said policy for as long as he is obligated to pay child support and/or alimony. CT Page 14858
11. The defendant shall maintain health insurance coverage for his minor children as is available through his employment. Any uncovered or uninsured medical and health related expenses shall be paid 42% by the plaintiff and 58% by the defendant.
12. The defendant shall provide the plaintiff with Cobra Insurance for so long as she is eligible. The parties shall each pay one half of the premium for said coverage.
13. The defendant shall be entitled to the tax write-off relative to uncollectability of the debt from the Pinnacle Computer Investment.
14. The defendant shall hold the savings bonds as trustee for the benefit of the minor children.
15. The parties shall divide equally the personal property used by them, not previously disposed of, to their mutual satisfaction within 30 days. If unable to agree, the plaintiff shall select an arbitrator from a list of three submitted by the defendant whose decision shall be final.
16. The defendant shall not be entitled to any alimony.
JTR Vasington